UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> CHERYL STRANGE , <br><br> Defendant. | CASE NO. 3:23-cv-05039-BHS-BAT <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

Plaintiff Michael Martin, who is proceeding *pro se* and *in forma pauperis* in this civil rights action, has filed a motion to appoint counsel. **Dkt. 12**. The Court **DENIES** the motion.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING PLAINTIFF'S MOTION
TO APPOINT COUNSEL - 1

Mr. Martin states that he requires appointed counsel because he cannot afford counsel, imprisonment will greatly limit his ability to litigate, the issues are complex, he has limited knowledge of the law, and counsel is better able to handle all aspects of pretrial and trial proceedings. Dkt. 12 at 1–2. These are not extraordinary circumstances. In addition, plaintiff has not shown that he is likely to prevail on the merits of his claim. Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion. **Dkt. 12**.

DATED this 14th day of April, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO APPOINT COUNSEL - 2